UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES SPENCER SMITH,
    Plaintiff,

vs.                                                           10-1350

STAN KESTER,
    Defendant.

## MERIT REVIEW ORDER

       This cause is before the court for case management and merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The pro se Plaintiff has filed this lawsuit pursuant to 28 U.S.C.§1983 against one defendant at the Peoria County Jail: Officer Stan Kester. The Plaintiff says Kester has denied him "legal assistance" because he has repeatedly denied the Plaintiff's requests for paper and copies of legal documents. Kester told the Plaintiff that his requests were denied because he did not have any money in his trust fund account. In addition, Kester stated that indigent prisoners are given two sheets of typing paper a week with pre-stamped envelopes and "it is the inmates responsibility to use them as needed." (Comp., p. 7).

       The Supreme Court has long recognized a prisoner's fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996). However, that right is violated only when an inmate is deprived of access and suffers an injury as a result of the deprivation. *see Lewis*, 518 U.S. at 349; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009). To establish an "actual injury," an inmate must show that an attempt to pursue nonfrivolous litigation was hindered by unjustified acts or conditions caused by the defendants. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir.2002). The Plaintiff has made no such allegation, nor can the court infer such an injury. Nonetheless, the Plaintiff is proceeding pro se, so the court will allow the Plaintiff an opportunity to amend his complaint if the failure to provide paper and copies did prevented him from litigating a nonfrivolous case. *See Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir.1998).

       The court notes that the Plaintiff has also filed a motion to add additional defendants. [d/e 7]. The Plaintiff says the same claims apply to Sheriff Michael McCoy, Manager Robert McCoy, Chief Deputy Joseph Neehan and Correctional Superintendent Brian Asbell because they are Officer Kester's superiors. The motion is denied as moot. The court does not allow

1

piecemeal amendments to complaints. Therefore, the Plaintiff can state any specific claims against these individuals in his revised complaint. In addition, the Plaintiff is admonished that he cannot name an individual as a defendant simply because that person was employed as a supervisor. For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

**IT IS THEREFORE ORDERED that**:

**1) The merit review hearing scheduled for December 16, 2010 is canceled.**

**2) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.**

**3) The Plaintiff's motion to add defendants is denied as moot. [d/e 7]**

**4) The court will allow the Plaintiff an opportunity to file an amended complaint in keeping with this court order. The Clerk of the Court is to provide the Plaintiff with a blank §1983 complaint form to assist him. The Plaintiff must filed his proposed amended complaint on or before December 14, 2010. If the Plaintiff does not file his amended complaint on or before this deadline, his case will be dismissed without prejudice.**

**5) This case is set for merit review on the amended complaint on December 17, 2010 at 10:15 a.m. by telephone conference call.**

Entered this 22nd day of November, 2010.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE