UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES SPENCER SMITH,
    Plaintiff,

vs.                                10-1350

STAN KESTER,
    Defendant.

## MERIT REVIEW ORDER #2

    This cause is before the court for case management and merit review of the Plaintiff's amended complaint. The pro se Plaintiff originally filed his complaint pursuant to 28 U.S.C. §1983 on November 4, 2010 against one Defendant at the Peoria County Jail: Officer Stan Kester.

    The Plaintiff alleged that Kester denied him legal assistance when he repeatedly refused the Plaintiff's requests for additional paper and copies of legal documents due to lack of money in his trust fund account. The court acknowledged that prisoners do have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996). Nonetheless, that right is violated only when an inmate is deprived of access and suffers an injury as a result of the deprivation. *see Lewis*, 518 U.S. at 349; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009). To establish an "actual injury," an inmate must show that an attempt to pursue nonfrivolous litigation was hindered by unjustified acts or conditions caused by the defendants. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir.2002). The Plaintiff made no allegation of any injury in his complaint, so the court allowed the Plaintiff an opportunity to amend his complaint. *See* November 22, 2010 Court Order.

    The Plaintiff has now filed his amended complaint. The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff's amended complaint names five defendants: Officer Stan Kester, Sheriff Michael McCoy, Officer Robert McCoy, Deputy Joseph Needham and Superintendent Brian Asball. The Plaintiff says on September 25, 2010, he was "verbally assaulted" by Defendant Kester when he asked for typing paper. (Amd. Comp, p. 5). The Plaintiff also alleges on additional dates, the Defendant denied him paper and free legal copies. The Plaintiff says he has repeatedly complained to the other supervising defendants, but no action has been taken.

    As for the "injury" the Plaintiff says he has suffered as a result of the Defendants' actions,

the Plaintiff repeatedly says he was unable to complete his "legal work." (Amd. Comp., p. 5, 6). The Plaintiff says he currently has three pending cases: "one criminal, two lawsuits with multiple defendants." (Amd. Comp., p. 6). The Plaintiff says he was unable to provide the necessary copies of documents to all defendants in a civil complaint, and says a motion filed in his current case was dismissed because it was filed on an inmate request form.

The court notes the Plaintiff did file a document on an inmate request form on November 9, 2010 that was filed as an "exhibit." [d/e 4]. The Plaintiff asked to add a defendant to this case. On November 19, 2010 the Plaintiff filed another motion to add defendants. [d/e 7]. The motion was denied when the court gave the Plaintiff another opportunity to file an amended complaint clarifying any injury he suffered. *See* November 22, 2010 Court Order. The denial of the motion had nothing to do with the form that was used by the Plaintiff.

The court notes the Plaintiff has one other case pending in the United States District Court for the Central District of Illinois, *Smith v Johnson*, Case No. 10-1277. In this case, the Plaintiff has a pending claim that two Peoria Police Officers used excessive force against him. *See* October 12, 2010 Merit Review Order. The Plaintiff has filed one motion on an Inmate Request Form that the court has not yet addressed. [d/e 19] The Plaintiff makes no claims concerning problems with his pending criminal case.

The Plaintiff's constitutional right is to access to the courts rather than access to legal materials or paper. Therefore, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious lawsuit. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir.2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall,* 445 F.3d at 968. "The actual injury requirement is not waived even if systemic, continuous denials are alleged." *Dickerson v Hostetler,* 2010 WL 1241815 at 3 (C.D.Ill. March 22, 2010) *citing Ortiz,* 561 F.3d 664.

The court explained the requirement for an actual injury when it dismissed the Plaintiff's original complaint. *See* November 22, 2010 Merit Review Order. Federal Rule of Civil Procedure 8 requires a complaint allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). Based on the Plaintiff's amended complaint, the court cannot make a plausible inference that any potentially meritorious claim was prejudiced by the Defendants actions. Therefore, the court must dismiss this case.

The Plaintiff is admonished in his surviving claim, *Smith v Johnson*, Case No. 10-1277, that he should clearly label his documents as "motions," even if they are filed on Inmate Request Forms to prevent possible confusion.

**IT IS THEREFORE ORDERED:**

1) The second merit review hearing scheduled for December 17, 2010 is canceled as unnecessary. The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.

2) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the Plaintiff.

3) The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

3) The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

4) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 9th day of December, 2010.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE